IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHAD HURLEY, § <br> INDIVIDUALLY AND ON BEHALF § <br> OF ALL OTHERS SIMILARLY § <br> SITUATED § <br> § <br> § <br> VS. § <br> § <br> § <br> § <br> DISCOUNT POOLS AND SPAS INC., § <br> NO LIMITS POOL CARE, LLC § <br> AND GREGORY CHAMPAGNE § | CIVIL ACTION NO. 2:20-cv-00270 <br><br> COLLECTIVE ACTION <br> 29 U.S.C. §216(b) <br> JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1.      Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendants, Discount Pools and Spas, Inc., No Limits Pool Care, LLC and Gregory Champagne as a result of Defendants' failure to pay Plaintiff and all those similarly situated workers overtime wages. Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employee seeks their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2. Plaintiff, Chad Hurley, is a resident of Anderson County, Texas. The Plaintiff brings this action individually in his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Defendant, Discount Pools and Spas, Inc. is a Texas corporation which may be served with process through its registered agent for service, Gregory Champagne at 309 West Parker Street, Elkhart, Texas 75839. No Limits Pool Care, LLC which may be served with process through its registered agent for service, Gregory Champagne at 309 West Parker Street, Elkhart, Texas 75839. Gregory Champagne may be served at 309 West Parker Street, Elkhart, Texas 75839.

## JURISDICTION AND VENUE

3. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendants' Anderson County, Texas location is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## COVERAGE

4. At all times hereinafter mentioned, Defendants Discount Pools and Spas, Inc. and No Limits Pool Care, LLC have been employers within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Discount Pools and Spas, Inc. and No Limits Pool Care, LLC have been enterprises within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

6. At all times hereinafter mentioned, Discount Pools and Spas, Inc. and No Limits Pool Care, LLC have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Discount Pools and Spas, Inc. and No Limits Pool Care, LLC have had employees engaged in commerce or in the production of goods

for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Further, Discount Pools and Spas, Inc. and No Limits Pool Care, LLC have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7. At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.§§ 206-207.

8. Defendant Gregory Champagne is a manager of Discount Pools and Spas, Inc. and No Limits Pool Care, LLC with "substantial control over the terms and conditions of the work" of Plaintiff and the class members. As such, Gregory Champagne is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

## FACTS

9. In March, 2020, Plaintiff began his employment with Discount Pools and Spas, Inc. and No Limits Pool Care, LLC in Anderson County, Texas. His job at Discount Pools and Spas, Inc. and No Limits Pool Care, LLC was a Service Technician; however, the work he did for Discount Pools and Spas, Inc. and No Limits Pool Care, LLC was not exempt as defined under 29 CFR part 451. Plaintiff alleges that he was paid a fixed payment per service call and was not paid on an hourly basis. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

10. Defendants pay no overtime wages to the Service Technicians. Defendants' Service Technicians did not qualify for any applicable overtime exemptions and are therefore owed overtime wages for all hours worked in excess of forty (40) hours in each workweek.

11. Plaintiff regularly worked between 60 and 80 hours per work week and did not receive overtime pay.

12. Finally, Defendants failed to maintain records of Plaintiff's hours worked in violation of 29 CFR Part 516.

13. Plaintiff alleges that Defendant Gregory Champagne is a manager of Discount Pools and Spas, Inc. and No Limits Pool Care, LLC with "substantial control over the terms and conditions of the work" of Plaintiff and the putative class members. As such, Champagne is an "employer" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

14. Plaintiff believes and, therefore, allege that the failure of Defendants to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

15. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half their regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

16. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Hurley brings this action in his individual capacity and as a collective action. As alleged in detail elsewhere herein, Hurley seeks this court's

appointment and/or designation as representative of a class of similarly situated employees of Discount Pools and Spas, Inc. and No Limits Pool Care, LLC who were not paid for all overtime hours worked as described herein. On information and belief, there are numerous service technicians who were not paid for all overtime hours worked for Discount Pools and Spas, Inc. and No Limits Pool Care, LLC as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Discount Pools and Spas, Inc. and No Limits Pool Care, LLC Service Technicians.

17. Plaintiff Hurley specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

18. Plaintiff, individually and as a representative of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Defendants the following:

1. The unpaid wages due to Plaintiff and the putative class members;
2. Liquidated damages authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and
5. Such other and further relief as the Court deems just.

          Respectfully submitted,

          /s/ *William S. Hommel, Jr.*
          William S. Hommel, Jr.
          State Bar No. 09934250
          HOMMEL LAW FIRM
          5620 Old Bullard Road, Suite 115
          Tyler, Texas 75703
          903-596-7100
          469-533-1618 Facsimile

          ATTORNEY FOR PLAINTIFF
          AND THE PUTATIVE CLASS